1  Morgan E. Smith (SBN 293503)
   morgan.smith@finnegan.com
2  **FINNEGAN, HENDERSON, FARABOW,**
   **GARRETT & DUNNER, LLP**
3  3300 Hillview Avenue
   Palo Alto, CA  94304
4  Telephone:  (650) 849-6600
   Facsimile:   (650) 849-6666
5
6  Attorney for Le–Vel Brands, LLC

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LE–VEL BRANDS, LLC, | **CASE NO. 2:17-cv-08951** |
| Plaintiff, | **COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION** |
| v. | |
| THRIVE MARKET, INC. | **JURY TRIAL DEMANDED** |
| Defendant. | |

# COMPLAINT

Plaintiff Le–Vel Brands, LLC ("Le–Vel") by its undersigned attorney, alleges as follows, upon actual knowledge with respect to itself and its own acts, and upon information and belief as to all other matters.

## NATURE OF THE ACTION

1. This is an action for trademark infringement and unfair competition under federal, state, and/or common law. Le–Vel brings this action against Thrive Market, Inc. ("Defendant") because Defendant is unlawfully offering and selling dietary and nutritional supplements under Le–Vel's THRIVE mark. Defendant launched these infringing products despite, and in the face of, both Le–Vel's early and unambiguous objections, as well as the United States Patent and Trademark Office's ("USPTO") refusal to register Defendant's infringing trademark because of Le–Vel's earlier trademark rights. Through improper uses of Le–Vel's THRIVE name and trademark, Defendant's infringing products are likely to confuse, deceive, or mislead consumers into believing Defendant's activities are authorized by or affiliated with Le–Vel, and/or that such products are offered, licensed, or approved by Le–Vel. Le–Vel seeks to enjoin Defendant's unlawful use of THRIVE and recover actual damages, Defendant's profits, and other relief, including attorneys' fees and costs.

## THE PARTIES

2. Plaintiff Le–Vel Brands, LLC is a Texas limited liability company with its principal place of business at 9201 Warren Parkway #200, Frisco, TX 75035.

3. Defendant Thrive Market, Inc. is a Delaware corporation with an address at 4509 Glencoe Avenue, Marina Del Rey, CA 92092 or 12031 Jefferson Boulevard, Culver City, CA 90230.

## JURISDICTION AND VENUE

4. This action arises under the federal Trademark Act, 15 U.S.C. §§ 1051, *et seq.* and the related law of the state of California. This Court has jurisdiction over the

1  subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b).

5.  This Court has personal jurisdiction over Defendant, and venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because Le–Vel is being harmed in this District, Defendant is doing business in this District, and a substantial portion of the activity about which Le–Vel complains has taken place in this District.

## **LE–VEL AND ITS THRIVE NAME AND TRADEMARK**

6.  Le–Vel is a lifestyle company that offers dietary and nutritional supplements and related coaching/lifestyle/wellness programs.  Le–Vel formulates its products with premium ingredients and high levels of nutrition, giving customers the opportunity to live healthy, balanced, and premium lifestyles.

7.  Le–Vel's flagship product line is sold under the brand THRIVE, which consists of a wide range of premium naturopathic supplements for physical and mental wellness and healthy living, including supplements formulated specifically for men, women, and children; nutritional shakes, energy shakes, drink mixes, and gels; nootropics; and transdermal supplement products:

 




8. Le–Vel has continuously used its THRIVE-formative marks in commerce since 2012.

9. Le–Vel owns numerous valid and subsisting U.S. trademark registrations and applications for its THRIVE-formative marks ("the Thrive Marks"), some of which include the following:

| Mark | Goods | App./Reg. No. App./Reg. Date | First-Use Date |
|---|---|---|---|
| THRIVE experience | Nutritional supplements, namely, vitamin, mineral, plant extract, antioxidant, enzyme, probiotic, and amino acid preparations and supplements used for general health and wellness in Class 5. Providing online retail store services using account-based user information in the field of nutritional preparations and supplements; providing an incentive award program | 5174403 04/04/2017 | 12/2012 for Classes 5 and 44. 10/2013 for Class 35. |

| Mark | Goods | App./Reg. No. App./Reg. Date | First-Use Date |
|---|---|---|---|
|  | for consumers that provides for discounted pricing and free product return of nutritional preparations and supplements with purchase in Class 35.<br><br>A nutritional plan for general health and wellness consisting of consulting advice and recommendations on nutritional supplements and nutritional consulting advice and recommendations on nutritional preparations in Class 44 |  |  |
| THRIVE BY LE–VEL | Nutritional supplements, namely, vitamin, mineral, plant extract, antioxidant, enzyme, probiotic, and amino acid preparations used for general health and wellness in Class 5 | 5169444<br><br>03/28/2017 | 11/2012 |
| RELEASE THE THRIVE | Nutritional supplements, namely, vitamin, mineral, plant extract, antioxidant, enzyme, probiotic, and amino acid preparations used for general health and wellness in Class 5. | 5144648<br><br>02/21/2017 | 05/2015 |
| THRIVE | Topical patches featuring vitamin, mineral, plant extract, antioxidant, enzyme, probiotic, and amino acid preparations used for general health and wellness in Class 5. | 86761270<br><br>09/15/2015 | 08/2012 |

## SALE AND PROMOTION OF LE–VEL'S THRIVE PRODUCTS

10. Le–Vel revolutionized the direct sales market by becoming the industry's first completely virtual, cloud-based company. Le–Vel's THRIVE products are sold directly to consumers through a vast network of authorized independent sales representatives.

11. Le–Vel's THRIVE products have enjoyed substantial success and have been widely sold and distributed since their introduction in 2012. Le–Vel now has more than seven million independent Brand Promoters and customers around the world and toppled $1 billion in total sales in May 2017.

12. As a cloud-based company, Le–Vel and its founders have a tremendous online following, including over three million Facebook followers. Its promotional videos have been viewed on YouTube over ten million times.

13. The Thrive Marks are promoted and displayed in a variety of ways through Le–Vel's website, social media, and product packaging, e.g.:





14. Le–Vel has spent over $25,000,000 in advertising, marketing, and promoting the Thrive Marks in connection with its products through a variety of media, promotional and marketing initiatives, and celebrity endorsements. Some of the celebrity users of Le–Vel's products include: (1) Emmitt Smith, the all-time leading rusher in the history of the NFL; (2) Andy Roddick, the former #1 ranked tennis player in the world and a tennis Hall-of- Famer; (3) Dick and Rick Hoyt of Team Hoyt, the father and son team who have participated in over 1,000 races to raise awareness for and instill confidence in the physically challenged (Rick is a spastic quadriplegic with cerebral palsy, and his father, Dick, pushes, pulls, and carries him through races such as the Ironman triathlon); (4) Kirk Hammett, lead guitarist for the band Metallica; (5) Don Mattingly, MLB Hall-of-Famer; (6) Amy Purdy, *New York Times* best-selling author, runner-up in *Dancing with the Stars*, and medalist in the 2014 Winter Paralympic Games; (7) Olga Tanon, five-time Grammy-winning artist; (8) Brian Westbrook, former All-Pro NFL player; (7) Drake White, country music performing artist; (9) television and movie actor Kevin Sorbo from shows such as *Hercules*; (10) Missy Robertson from the *Duck Dynasty* series; (11) former All-Pro NFL player, Bernard Pierce; and many others.

15. In addition, Le–Vel and the Thrive Marks have been featured (1) at Times Square during the New Year's Eve ball drop and throughout the holiday season, including during the Macy's Thanksgiving Day Parade; (2) on billboards throughout the U.S. during national billboard campaigns; (3) in football stadiums across the U.S. during college and professional football games; (4) in the "Rise and Thrive" marketing campaign, which has been viewed by millions of individuals around the globe; (5) in a nationally distributed magazine, *Thrivin'*, found in thousands of bookstores throughout the U.S.; (5) in hundreds of press releases and blogs circulated throughout the world; and (6) in Facebook and YouTube ads receiving millions of views and interactions.

Case 2:17-cv-08951   Document 1   Filed 12/13/17   Page 8 of 13   Page ID #:8

16. Further, the Thrive Marks have received notable third-party press, attention, and recognition. In 2016, Le–Vel was featured in *USA Today*, along with Uber, Etsy, and two other companies, as the leaders in the "YouEconomy." In 2015, Le–Vel was featured in the *Houston Business Journal* for its substantial and meaningful charitable works and efforts. In 2016, Le–Vel received the *Direct Selling News* Bravo Growth Award, which recognizes the largest year-over-year growth *in the world* in direct sales. In 2015 and 2016, Le–Vel was named to the *Direct Selling News* Global 100, an exclusive ranking of the top revenue-generating companies worldwide in the direct selling industry. Le–Vel has also been featured in *Direct Selling News* on multiple occasions and has been the cover story twice. In 2013-2017, Le–Vel was featured in *Success from Home* magazine, the first time that a company has been featured as the exclusive company in full-length *Success from Home* issues four years in a row.

17. As a result of extensive use, sales, advertising, promotion, commercial success, and third-party recognition, the Thrive Marks are strong and well-known.

## DEFENDANT AND ITS WRONGFUL ACTS

18. Defendant is an e-commerce membership-based retailer offering third-party branded natural and organic food products, including dietary and nutritional supplements. Defendant also offers certain own-brand Thrive Market products, which did not include dietary and nutritional supplements until a few weeks ago.

19. In October 2015—three *years* after Le–Vel launched its THRIVE products—Defendant filed an intent-to-use trademark application for the mark Thrive Market for dietary and nutritional supplements; nutritional supplement energy bars; dietary supplements also containing superfoods, namely, coconut, chia seeds, flaxseed, turmeric, maca, acai, and hemp in Class 5 (U.S. App. No. 86797589). In February 2016, the USPTO refused registration on grounds of likelihood of confusion with Le–Vel's prior pending application for its THRIVE & Design mark (U.S. App. No. 86761270).

7

COMPLAINT
Case No. 2:17-cv-08951

20. After monitoring Defendant's business development, Le–Vel contacted Defendant in May 2017, placing Defendant on notice that its intended use of Thrive Market for vitamins, supplements, topical patches, or nutriceuticals would infringe Le–Vel's rights. Counsel for the parties corresponded regarding the merits of the dispute from May to September 2017. Each time, Le–Vel reiterated its objection to any attempt by Defendant to launch vitamins, supplements, topical patches, or nutriceuticals under the Thrive Market mark.

21. In November 2017, and much to Le–Vel's shock, Defendant launched own-branded vitamins, minerals, and other supplements:



22. Making matters worse, Defendant adopted a mark that prominently uses the inherently distinctive term "THRIVE" and places "MARKET" in the grammatical, subservient context that generic words appears:



23. Defendant adopted its mark and launched these products being fully aware of the USPTO's refusal of its Thrive Market application and Le–Vel's repeated express objections to such use.

### INJURY TO THE PUBLIC AND LE–VEL

24. Defendant's unauthorized use of THRIVE and Thrive Market has caused and is likely to cause confusion, mistake, and deception as to the source or origin of Defendant's products, and is likely to falsely suggest a sponsorship, connection, or association between Defendant, its products, and/or its commercial activities with Le–Vel and its Thrive Marks.

25. Defendant's unauthorized use of THRIVE and Thrive Market has damaged and irreparably injured and, if permitted to continue, will further damage and irreparably injure Le–Vel, its reputation and goodwill, the Thrive Marks, and the public's interest in being free from confusion.

26. Defendant has known and still knows that its use of THRIVE and Thrive Market is neither permitted nor authorized. As a result, Defendant has acted knowingly, willfully, in reckless disregard of Le–Vel's rights, and in bad faith.

### FIRST CLAIM FOR RELIEF
### Trademark Infringement Under
### Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)

27. Le–Vel repeats and realleges each and every allegation set forth above.

28. Without Le–Vel's consent, Defendant has used and continues to use in commerce reproductions, copies, and colorable imitations of Le–Vel's registered THRIVE marks in connection with the offering, distribution, and advertising of dietary and nutritional supplements, which is likely to cause confusion, or to cause mistake, or to deceive, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

## SECOND CLAIM FOR RELIEF

### Trademark Infringement, False Designation

### of Origin, Passing Off, and Unfair Competition

### Under Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A)

29. Le–Vel repeats and realleges each and every allegation set forth above.

30. Defendant's use of THRIVE and Thrive Market, as described above, is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Defendant, its products, and/or its commercial activities by or with Le–Vel and its Thrive Marks, and thus constitutes trademark infringement, false designation of origin, passing off, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## THIRD CLAIM FOR RELIEF

### Violation of California's Unfair Competition Law

### Section 17200 *et seq.* of the Cal. Bus. & Prof. Code

31. Le–Vel repeats and realleges each and every allegation set forth above.

32. In connection with the sale and distribution of infringing products and services, Defendant has engaged in unfair methods of competition, including unlawful, unfair, and/or fraudulent acts or practices in the conduct of trade and commerce in violation of Section 17200 *et seq.* of the Cal. Bus. & Prof. Code.

## FOURTH CLAIM FOR RELIEF

### Common-Law Trademark Infringement and Unfair Competition

33. Le–Vel repeats and realleges each and every allegation set forth above.

34. The activities described above constitute common-law trademark infringement and misappropriation of the goodwill associated with Le–Vel's Thrive Marks and constitute unfair competition in violation of California common law.

# JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Le–Vel respectfully demands a trial by jury on all issues properly triable by a jury in this action.

# PRAYER FOR RELIEF

WHEREFORE, Le–Vel requests that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief including, but not limited to, the following:

A. An Order declaring that Defendant's use of THRIVE and Thrive Market for dietary and nutritional supplements infringes Le–Vel's rights in its Thrive Marks and constitutes trademark infringement and unfair competition under federal and/or state law, as detailed above.

B. A preliminary and permanent injunction enjoining Defendant and its employees, agents, partners, officers, directors, owners, shareholders, principals, subsidiaries, related companies, affiliates, distributors, dealers, and all persons in active concert or participation with any of them:

1. From using or registering THRIVE, Thrive Market, and/or any other marks, logos, or designs that are confusingly or substantially similar to Le–Vel's Thrive Marks, for dietary and nutritional supplements; and

2. From representing by any means whatsoever, directly or indirectly, that any products offered by Defendant, or any activities undertaken by Defendant, are associated or connected in any way with Le–Vel or sponsored or authorized by or affiliated with Le–Vel.

C. An Order directing Defendant to, within thirty (30) days after the entry of the injunction, file with this Court and serve on Le–Vel's attorneys a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

D. An Order directing Defendant to immediately destroy all products, advertisements, promotional materials, stationery, forms, and/or any other materials

and things that contain or bear THRIVE, Thrive Market, and/or any other marks, logos, or designs that are confusingly or substantially similar to Le–Vel's Thrive Marks, for dietary and nutritional supplements.

E. An Order requiring Defendant to account for and pay to Le–Vel any and all profits arising from the foregoing acts, and increasing such profits, including trebling them, in accordance with 15 U.S.C. § 1117 and other applicable laws.

F. An Order requiring Defendant to pay Le–Vel damages in an amount as yet undetermined caused by the foregoing acts, and trebling such damages in accordance with 15 U.S.C. § 1117 and other applicable laws.

G. An Order requiring Defendant to pay Le–Vel punitive damages in an amount to be determined due to the foregoing willful acts of Defendant.

H. An Order requiring Defendant to pay Le–Vel its costs and attorneys' fees in this action pursuant to 15 U.S.C. § 1117 and other applicable laws.

I. Other relief as the Court may deem just and appropriate.

Dated: December 13, 2017    Respectfully submitted,

*/s/ Morgan E. Smith*
Morgan E. Smith (SBN 293503)
morgan.smith@finnegan.com
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
3300 Hillview Avenue
Palo Alto, CA  94304
Telephone:  (650) 849-6600
Facsimile:   (650) 849-6666

Attorney for Le–Vel Brands, LLC